# EXHIBIT A

**COPY**

BY FAX

1    Ben Rothman, Esq. (SBN 265472)
     **LAW OFFICE OF BEN ROTHMAN**
2    10100 Venice Blvd.
     Culver City, CA 90232
3    Tel:    (310) 717-0539
     Fax:    (310) 919-3777
4    e-mail: ben@santamonicainjurylawyer.com

5    Attorney for Plaintiff,
     DEBORAH NADEAU-PERRY

6

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 0 7 2022

By *Kayla Estrada*                Deputy
*Kayla Estrada*

7              **SUPERIOR COURT OF CALIFORNIA**

8              **COUNTY OF SAN BERNARDINO**

9

10   DEBORAH NADEAU-PERRY,            ) Case No. CIV SB 2 2 1 4 0 8 8
                                      )
11           Plaintiff,              )   **COMPLAINT AND DEMAND FOR**
                                      )   **JURY TRIAL**
12        v.                         )
                                      )
13   FEDEX OFFICE AND PRINT SERVICES, )   1. Failure to Reasonably Accommodate a
     INC.; DOES 1 to 50, inclusive,  )      Physical Disability
14                                    )
15           Defendants.             )   2. Failure to Engage in the Interactive
                                      )      Process
16                                    )
                                      )   3. Wrongful Termination in Violation of
17                                    )      Government Code Section 12940(a)
                                      )
18                                    )   4. Wrongful Termination in Violation of
19                                    )      Government Code Section 12940(h)
                                      )
20                                    )   5. Wrongful Termination in Violation of
21                                    )      Government Code Section 12940(m)(2)
                                      )
22                                    )   6. Wrongful Termination in Violation of
23                                    )      Labor Code Section 1102.5(b)
                                      )
24                                    )   7. Wrongful Termination in Violation of
25                                    )      Labor Code Section 98.6
                                      )
26                                    )   8. Wrongful Termination in Violation of
                                      )      Public Policy
27                                    )
                                      )   9. Failure to Take All Reasonable Steps
28   _____)      Necessary to Prevent Discrimination

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1

1

## THE PARTIES

2       1.     Plaintiff Deborah Nadeau-Perry is, and at all times relevant herein was, a citizen

3  of the State of California and an individual residing in the County of Riverside, State of California.

4       2.     Defendant FedEx Office and Print Services, Inc. (hereinafter at times "FedEx") is,

5  and all times relevant herein was, a corporation incorporated in the State of Texas and doing

6  business in the County of San Bernardino, State of California.

7       3.     Plaintiff is ignorant of the true names and capacities of defendants Does 1 to 50

8  and therefore sues them by such fictitious names. Plaintiff will amend this Complaint to allege

9  their true names and capacities once Plaintiff ascertains them.

10      4.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

11  herein, Does 1 to 50 were the agents, employees, servants, partners, joint venturers, affiliates,

12  parents, sisters, or subsidiaries of the other defendants.

13      5.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

14  herein, Does 1 to 50 acted within the course and scope of their agency, employment, service,

15  partnership, joint venture, affiliation, or other relationship with the other defendants.

16      6.    Plaintiff is informed and believes, and thereon alleges, that Does 1 to 50 are liable

17  for the torts, wage and hour violations, unlawful employment practices, and other wrongs that

18  Plaintiff alleges herein and that such defendants proximately caused Plaintiff's damages.

19

## VENUE

20      7.    Venue in the County of San Bernardino is proper because that is the county where

21  the unlawful employment practices occurred and where FedEx maintains and administers the

22  records relevant to such practices.

23

## GENERAL ALLEGATIONS

24      8.    FedEx owned and operated a FedEx Office at 333 Orange Street in Redlands at all

25  relevant times herein (hereinafter "Store 0914"). FedEx regularly employed five or more

26  individuals. FedEx hired Plaintiff in or around 2011 to work at Store 0914. FedEx ultimately paid

27  her $20.49 per hour to work as Store Assistant Manager at Store 0914.

28  ///

**COMPLAINT AND DEMAND FOR JURY TRIAL**

2

9.   Plaintiff sustained serious physical injuries in or around 2021. Her physical injuries required her to use a walker and a cane and to go on medical leave from FedEx. She thus had a condition that affected her musculoskeletal system and/or other body systems and made her ability to work and/or achieve other major life activities difficult.

10.   Plaintiff exercised her rights under Government Code section 12940(h) and Labor Code sections 98.6 and 1102.5(b) by telling Store Manager Brian Certosimo that she heard he made sexual advances on employees. She had reasonable cause to believe her statement disclosed that he violated Government Code section 12940(j). He vowed to get back at her.

11.   Plaintiff underwent extreme stress. She had, and FedEx Office regarded her as having, or having had, a mental or psychological condition that limited a major life activity or that could become a mental disability. She requested and went on a brief but definite leave of absence as a reasonable accommodation of her mental disability.

12.   Plaintiff returned to work at Store 0914 in or around late March 2022. She could perform the essential functions of her job with a reasonable accommodation of her disabilities – e.g., she could have sat on a stool while working. But Senior Store Manager Malinda Atkinson refused to let her sit on the stool while she helped customers.

13.   Plaintiff exercised her rights under Government Code section 12940(h) to oppose disability discrimination and under Government Code section 12940(m)(2) to request a reasonable accommodation of a disability by telling Ms. Atkinson that she still had work restrictions and that her leg would hurt and swell up if she stood for too long.

14.   Ms. Atkinson was personally guilty of malice because she intended to harm Plaintiff by failing to reasonably accommodate her physical disability and by failing to engage in a timely, good faith, interactive process to determine a reasonable accommodation of a physical disability. Ms. Atkinson told her she could not sit on the stool while she helped customers.

15.   Ms. Atkinson was personally guilty of oppression because her denial of a reasonable accommodation was despicable and subjected Plaintiff to the cruel and unjust hardship of physical pain, in conscious disregard of her right to a reasonable accommodation under Government Code section 12940(m)(1) and suitable seating under Wage Order 7, section 14.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

16.     Mr. Certosimo fired Plaintiff in or around early April 2022. Her disabilities and/or exercise of her rights under Government Code sections 12940(h) and (m)(2) and Labor Code sections 98.6 and 1102.5(b) were substantial motivating reasons for her termination. Her termination was a substantial factor in causing her to lose earnings and suffer emotional distress.

17.     Mr. Certosimo was personally guilty of malice in that he intended to harm Plaintiff by firing her. He was also personally guilty of oppression in that he acted despicably and subjected her to the cruel and unjust hardship of unemployment, in conscious disregard of her rights under Government Code sections 12940(h) and (m)(2) and Labor Code sections 98.6 and 1102.5(b).

18.     Plaintiff is informed and believes, and thereon alleges, that FedEx managing agents authorized and/or ratified the foregoing unlawful employment practices and/or knew that Ms. Atkinson and Mr. Certosimo were unfit; but in conscious disregard of Plaintiff's rights and safety, FedEx managing agents employed Ms. Atkinson and Mr. Certosimo anyway.

19.     Plaintiff exhausted administrative remedies under the Fair Employment & Housing Act (FEHA) by timely filing a complaint with and obtaining an immediate right-to-sue notice from the Department of Fair Employment & Housing (DFEH) in July 2022. Attached hereto as **Exhibit A** are said complaint and right-to-sue notice.

## FIRST CAUSE OF ACTION

### Failure to Reasonably Accommodate a Physical Disability – Gov. Code §12940(m)

### (Against All Defendants)

20.     Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

21.     Defendants employed five or more individuals on a regular basis and/or for any part of the day on which the unlawful conduct alleged herein occurred.

22.     Plaintiff exhausted administrative remedies under FEHA by timely filing a complaint with and obtaining an immediate right-to-sue notice from the DFEH.

23.     Plaintiff had, or Defendants regarded her as having, or having had, a condition that affected her musculoskeletal system and limited her ability to work.

///

24.     Plaintiff could perform the essential functions of her position with a reasonable accommodation of a physical disability (e.g., sitting while working).

25.     Nonetheless, Ms. Atkinson refused to let Plaintiff sit while working and otherwise failed to reasonably accommodate her physical disability.

26.     Ms. Atkinson's failure to reasonably accommodate Plaintiff's physical disability was a substantial factor in causing actual harm.

27.     Wherefore, Plaintiff seeks general, special, and punitive damages, plus reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

### Failure to Engage in the Interactive Process – Gov. Code §12940(n)

### (Against All Defendants)

28.     Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

29.     Defendants employed five or more individuals on a regular basis and/or for any part of the day on which the unlawful conduct alleged herein occurred.

30.     Plaintiff exhausted administrative remedies under FEHA by timely filing a complaint with and obtaining an immediate right-to-sue notice from the DFEH.

31.     Plaintiff had, or Defendants regarded her as having, or having had, a condition that affected her musculoskeletal system and limited her ability to work.

32.     Plaintiff could perform the essential functions of her position with a reasonable accommodation of a physical disability (e.g., sitting while working).

33.     Nonetheless, Ms. Atkinson failed engage in the interactive process with Plaintiff to determine a reasonable accommodation and simply refused to let her sit while working.

34.     Ms. Atkinson's failure to engage in the interactive process with Plaintiff was a substantial factor in causing actual harm.

35.     Wherefore, Plaintiff seeks general, special, and punitive damages, plus reasonable attorney's fees and costs.

///

**COMPLAINT AND DEMAND FOR JURY TRIAL**

5

### THIRD CAUSE OF ACTION

**Wrongful Termination in Violation of Government Code Section 12940(a)**

**(Against All Defendants)**

36.  Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

37.  Defendants employed five or more individuals on a regular basis and/or for any part of the day on which the unlawful conduct alleged herein occurred.

38.  Plaintiff exhausted administrative remedies under FEHA by timely filing a complaint with and obtaining an immediate right-to-sue notice from the DFEH.

39.  Plaintiff had a disability because:

    a.  She had, or Defendants regarded her as having, or having had, a condition that affected her musculoskeletal system and limited or could limit a major life activity.

    b.  Plaintiff had, or Defendants regarded her as having, or having had, a mental or psychological disorder or condition that limited or could limit a major life activity.

40.  Plaintiff could perform the essential functions of her position, with a reasonable accommodation of her disabilities.

41.  Plaintiff's disabilities were substantial motivating reasons for Defendants' termination of her employment.

42.  Defendants' termination of Plaintiff's employment was a substantial factor in causing actual harm.

43.  Wherefore, Plaintiff seeks actual damages, punitive damages, and reasonable attorney's fees and costs.

///
///
///
///

**COMPLAINT AND DEMAND FOR JURY TRIAL**
6

**FOURTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Government Code Section 12940(h)**

**(Against All Defendants)**

44.     Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

45.     Defendants employed five or more individuals on a regular basis and/or for any part of the day on which the unlawful conduct alleged herein occurred.

46.     Plaintiff exhausted administrative remedies under FEHA by timely filing a complaint with and obtaining an immediate right-to-sue notice from the DFEH.

47.     Plaintiff engaged in the following protected activities:

        a.     She opposed sexual harassment by telling Mr. Certosimo that she heard he made sexual advances on Defendants' employees.

        b.     She opposed disability discrimination by telling Ms. Atkinson she still had restrictions and that her leg would hurt if she stood for too long.

48.     Plaintiff's opposition to such harassment was a substantial motivating reason for Defendants' termination of her employment.

49.     Defendants' termination of Plaintiff's employment was a substantial factor in causing her to lose earnings and suffer emotional distress and other actual harm.

50.     Wherefore, Plaintiff seeks general, special, and punitive damages, plus reasonable attorney's fees and costs.

**FIFTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Government Code Section 12940(m)(2)**

**(Against All Defendants)**

51.     Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

52.     Defendants employed five or more individuals on a regular basis and/or for any part of the day on which the unlawful conduct alleged herein occurred.

///

53. Plaintiff had a disability because:

    a. She had, or Defendants regarded her as having, or having had, a condition that affected her musculoskeletal system and limited or could limit a major life activity.

    b. Plaintiff had, or Defendants regarded her as having, or having had, a mental or psychological disorder or condition that limited or could limit a major life activity.

54. Plaintiff could perform the essential functions of her position, with a reasonable accommodation of her disabilities.

55. Plaintiff engaged in the following protected activities:

    a. Plaintiff requested a brief and definite leave of absence as a reasonable accommodation of a mental disability.

    b. Plaintiff requested permission to sit while working as a reasonable accommodation of a physical disability.

56. Plaintiff's requests for reasonable accommodations of her disabilities were substantial motivating reasons for Defendants' termination of her employment.

57. Defendants' termination of Plaintiff's employment was a substantial factor in causing actual harm.

58. Wherefore, Plaintiff seeks actual damages, punitive damages, and reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Labor Code Section 1102.5(b)

### (Against All Defendants)

59. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

60. Plaintiff engaged in the following protected activities:

    a. Plaintiff disclosed and had reasonable cause to believe she disclosed to Mr. Certosimo, who had authority over her or the authority to investigate,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

8

1  discover, or correct violations of law, that he violated Government Code

2  section 12940(j) by making sexual advances on employees.

3       b.   Plaintiff disclosed and had reasonable cause to believe she disclosed to Ms.

4  Atkinson, who had authority over her or the authority to investigate,

5  discover, or correct violations of law, that she violated Government Code

6  section 12940(m) by refusing to let her sit while working.

7       c.   Plaintiff disclosed and had reasonable cause to believe she disclosed to Ms.

8  Atkinson, who had authority over her or the authority to investigate,

9  discover, or correct violations of law, that she violated Wage Order 7,

10  section 14 by refusing to provide her with suitable seating.

11      61.   Plaintiff' disclosure of such information to Mr. Certosimo and Ms. Atkinson was

12  a contributing reason for Defendants' termination of her employment.

13      62.   Defendants' termination of Plaintiff's employment was a substantial factor in

14  causing her to lose earnings and suffer emotional distress and other actual harm.

15      63.   Wherefore, Plaintiff seeks general, special, and punitive damages, plus reasonable

16  attorney's fees.

17  ## SEVENTH CAUSE OF ACTION

18  **Wrongful Termination in Violation of Labor Code Section 98.6**

19  **(Against All Defendants)**

20      64.   Plaintiff re-states and incorporates by reference each of the foregoing allegations

21  as though fully set forth herein.

22      65.   Plaintiff exercised her rights under Labor Code section 1102.5(b) as follows:

23       a.   Plaintiff disclosed and had reasonable cause to believe she disclosed to Mr.

24  Certosimo, who had authority over her or the authority to investigate,

25  discover, or correct violations of law, that he violated Government Code

26  section 12940(j) by making sexual advances on employees.

27       b.   Plaintiff disclosed and had reasonable cause to believe she disclosed to Ms.

28  Atkinson, who had authority over her or the authority to investigate,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

9

1    discover, or correct violations of law, that she violated Government Code

2    section 12940(m) by refusing to let her sit while working.

3        c.    Plaintiff disclosed and had reasonable cause to believe she disclosed to Ms.

4    Atkinson, who had authority over her or the authority to investigate,

5    discover, or correct violations of law, that she violated Wage Order 7,

6    section 14 by refusing to provide her with suitable seating.

7        66.    Plaintiff's exercise of her rights under Labor Code section 1102.5(b) was a

8    substantial motivating reason for Defendants' termination of her employment.

9        67.    Defendants' termination of Plaintiff's employment was a substantial factor in

10   causing her to lose earnings and suffer emotional distress and other actual harm.

11       68.    Wherefore, Plaintiff seeks general, special, and punitive damages, plus a civil

12   penalty of $10,000 per violation.

13   **<u>EIGHTH CAUSE OF ACTION</u>**

14   **Wrongful Termination in Violation of Public Policy**

15   **(Against All Defendants)**

16       69.    Plaintiff re-states and incorporates by reference each of the foregoing allegations

17   as though fully set forth herein.

18       70.    Defendants' termination of Plaintiff's employment violated several fundamental

19   public policies of the State of California, including, but not limited to:

20       a.    The public policy underlying Government Code section 12940(a) of

21   requiring employers to provide a workplace free of discrimination.

22       b.    The public policy underlying Government Code section 12940(h) of

23   encouraging employees to oppose unlawful employment practices.

24       c.    The public policy underlying Government Code section 12940(m)(2) of

25   encouraging employees with disabilities to request accommodations.

26       d.    The public policy underlying Labor Code section 1102.5(b) of encouraging

27   employees to report violations of law in good faith to their employers.

28   ///

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**10**

71.    Defendants' termination of Plaintiff's employment termination was a substantial factor in causing actual harm.

### NINTH CAUSE OF ACTION

**Failure to Take All Reasonable Steps Necessary to Prevent Discrimination and Retaliation – Gov. Code §12940(k)**

**(Against All Defendants)**

72.    Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

73.    Defendants employed five or more individuals for at least part of each day that the wrongful conduct alleged herein occurred.

74.    Defendants committed the following unlawful employment practices:

    a.    Defendants violated Government Code section 12940(a) by firing Plaintiff for having actual, perceived, or perceived potential disabilities.

    b.    Defendants violated Government Code section 12940(h) by firing Plaintiff for protesting Mr. Certosimo's sexual advances on employees.

    c.    Defendants violated Government Code section 12940(m)(2) by firing Plaintiff for requesting reasonable accommodations of her disabilities.

75.    Defendants failed to take all reasonable steps necessary to prevent such discrimination and retaliation from occurring.

76.    Defendants' failure to take all reasonable steps necessary to prevent such discrimination and retaliation from occurring was a substantial factor in causing actual harm.

77.    Wherefore, Plaintiff seeks general, special, and punitive damages, plus reasonable attorney's fees and costs of suit.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**As to the First to Second Causes of Action**

1.    For no less than $100,000 in damages for past emotional distress.

2.    For no less than $100,000 in damages for future emotional distress.

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**11**

3.   For punitive damages.

4.   For reasonable attorney's fees and costs. (Gov. Code §12965(b).)

**As to the Third to Fifth and Ninth Causes of Action**

5.   For no less than $50,000 in damages for loss of past earnings.

6.   For no less than $100,000 in damages for loss of future earnings.

7.   For no less than $100,000 in damages for loss of future earnings capacity.

8.   For no less than $100,000 in damages for past emotional distress.

9.   For no less than $100,000 in damages for future emotional distress.

10.  For punitive damages.

11.  For reasonable attorney's fees and costs. (Gov. Code §12965(b).)

**As to the Sixth Cause of Action**

12.  For no less than $50,000 in damages for loss of past earnings.

13.  For no less than $100,000 in damages for loss of future earnings.

14.  For no less than $100,000 in damages for loss of future earnings capacity.

15.  For no less than $100,000 in damages for past emotional distress.

16.  For no less than $100,000 in damages for future emotional distress.

17.  For punitive damages.

18.  For reasonable attorney's fees. (Lab. Code §1102.5(j).)

**As to the Seventh Cause of Action**

19.  For no less than $50,000 in damages for loss of past earnings.

20.  For no less than $100,000 in damages for loss of future earnings.

21.  For no less than $100,000 in damages for loss of future earnings capacity.

22.  For no less than $100,000 in damages for past emotional distress.

23.  For no less than $100,000 in damages for future emotional distress.

24.  For punitive damages.

25.  For no less than a $10,000 civil penalty. (Lab. Code §98.6(b)(3).)

**As to the Eighth Cause of Action**

26.  For no less than $50,000 in damages for loss of past earnings.

COMPLAINT AND DEMAND FOR JURY TRIAL

12

27.   For no less than $100,000 in damages for loss of future earnings.

28.   For no less than $100,000 in damages for loss of future earnings capacity.

29.   For no less than $100,000 in damages for damages for past emotional distress.

30.   For no less than $100,000 in damages for future emotional distress.

31.   For punitive damages.

**As to All Causes of Action**

32.   For costs of suit.

33.   For pre-judgment interest to the maximum extent that the law allows.

34.   For such other and further relief as the Court may deem proper.

Date: July 6, 2022                **LAW OFFICE OF BEN ROTHMAN**

Ben Rothman, Esq.
Attorney for Plaintiff,
DEBORAH NADEAU-PERRY

**COMPLAINT AND DEMAND FOR JURY TRIAL**
13

1 | ### **DEMAND FOR JURY TRIAL**

2 | Plaintiff demands a jury trial.

3 |

4 | Date: July 6, 2022                              **LAW OFFICE OF BEN ROTHMAN**

5 |

6 |                                                Ben Rothman, Esq.

7 |                                                Attorney for Plaintiff,
                                                   DEBORAH NADEAU-PERRY

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 6, 2022

Ben Rothman
10100 Venice Blvd.
Culver City, CA 90232

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202207-17503106
Right to Sue: Nadeau-Perry / FedEx Office and Print Services, Inc.

Dear Ben Rothman:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                   GAVIN NEWSOM, GOVERNOR
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 6, 2022

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202207-17503106
      Right to Sue: Nadeau-Perry / FedEx Office and Print Services, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.


Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                     GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 6, 2022

Deborah Nadeau-Perry

'

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202207-17503106
        Right to Sue: Nadeau-Perry / FedEx Office and Print Services, Inc.

Dear Deborah Nadeau-Perry:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective July 6, 2022 because
an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in DFEH's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in DFEH's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
DFEH's Small Employer Family Leave Mediation Pilot Program by emailing
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number
indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Deborah Nadeau-Perry                                    DFEH No. 202207-17503106

Complainant,

vs.

FedEx Office and Print Services, Inc.
333 Orange St.
Redlands, CA 92374

Respondents
_____

**1.** Respondent **FedEx Office and Print Services, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Deborah Nadeau-Perry**, resides in the City of , State of .

**3.** Complainant alleges that on or about **April 8, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied reasonable accommodation for a disability.

**Additional Complaint Details:** Respondent regularly employed five or more individuals. Respondent employed Complainant at Store 0914 in Redlands. Respondent fired Complainant for opposing sexual harassment by telling Store 0914 Manager Brian Certosimo she heard he made sexual advances on employees; for requesting and using a

-1-
*Complaint – DFEH No. 202207-17503106*

Date Filed: July 6, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1   reasonable accommodation of a mental disability by going on a leave of absence for stress;
    for requesting a reasonable accommodation of a physical disability by asking Senior Store
2   Manager Malinda Atkinson for permission to sit while working; and for opposing disability
    discrimination by complaining to Ms. Atkinson that she still had work restrictions and that her
3   leg would hurt and swell up if she stood for too long. Respondent failed to reasonably
    accommodate Complainant's disabilities, failed to engage in the interactive process, and
4   failed to take all reasonable steps necessary to prevent discrimination and retaliation from
5   occurring.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                        -2-
                          Complaint – DFEH No. 202207-17503106
27
    Date Filed: July 6, 2022
28
                                                    Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Ben Rothman**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On July 6, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Culver City, CA**

-3-
*Complaint – DFEH No. 202207-17503106*

Date Filed: July 6, 2022

Form DFEH-ENF 80 RS (Revised 02/22)